

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 23650693**
**Date Processed: 08/18/2021**

| | |
|---|---|
| **Primary Contact:** | Cynthia Bertucci<br>Dollar Tree Stores Inc<br>500 Volvo Pkwy<br>Chesapeake, VA 23320-1604 |
| **Electronic copy provided to:** | JJ Jacobson-Allen<br>Heather Hunter |
| **Entity:** | Dollar Tree Stores, Inc.<br>Entity ID Number  3697563 |
| **Entity Served:** | Dollar Tree Stores, Inc |
| **Title of Action:** | Mary Roderick vs. Dollar Tree Stores, Inc. |
| **Matter Name/ID:** | Mary Roderick vs. Dollar Tree Stores, Inc. (11496893) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Essex County Superior Court, MA |
| **Case/Reference No:** | 2177CV00799C |
| **Jurisdiction Served:** | Massachusetts |
| **Date Served on CSC:** | 08/18/2021 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Robert E. Mazow<br>978-744-8000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

| Summons | CIVIL DOCKET NO.<br>2177CV00799C | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br><br>Mary Roderick et al<br>Plaintiff(s)<br><br>vs.<br><br>Dollar Tree Stores, Inc.<br>Defendant(s) | | Thomas H. Driscoll, Jr.  Clerk of Courts<br>Essex                       County<br>COURT NAME & ADDRESS:<br>Essex County Superior Court - Lawrence<br><br>43 Appleton Way<br>Lawrence, MA 01841 |

THIS SUMMONS IS DIRECTED TO _Dollar Tree Stores, Inc_ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Essex County Superior Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**
If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**
To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business, Essex Superior Court 43 Appleton Way, Lawrence, MA (address), by mail or in person **AND**

   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Robert E. Mazow, ESQ. 10 Derby Square, 4th Fl. Salem, MA 01970

3. **What to Include in Your Response.**
An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

Joseph P Casey

A true copy Attest:
_____ Deputy Sheriff Suffolk County
8-18-21

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger , Chief Justice on _____ , 20__21__ . (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____          Signature: _____

**N.B.  TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date: _____

rev. 7/21

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                             SUPERIOR COURT DEPARTMENT
                                                       CIVIL ACTION NO.

MARY RODERICK and RICHARD
RODERICK,

    Plaintiffs,

vs.

DOLLAR TREE STORES, INC.,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. Plaintiff Mary Roderick is an adult individual residing at 7 Sutton Avenue in Salem, Massachusetts.

2. Plaintiff Richard Roderick is an adult individual residing at 7 Sutton Avenue in Salem, Massachusetts.

3. Defendant Dollar Tree Stores, Inc. ("Dollar Tree") is a business entity organized under the laws of the State of Virginia, which does business in Massachusetts as Dollar Tree at 230 Independence Way in Danvers, Massachusetts.

### COUNT I
### NEGLIGENCE

### Mary Roderick v. Dollar Tree

4. On or about November 23, 2020, Plaintiff, Mary Roderick was lawfully on the premises of Dollar Tree, located at 230 Independence Way, Danvers, Massachusetts ("the premises").

1


5. On that date, Plaintiff was shopping for a charity event and was in a merchandise aisle at the premises.

6. Plaintiff requested assistance from a Dollar Tree employee to retrieve an item from a shelf.

7. While the Dollar Tree employee was assisting Plaintiff, boxes of merchandise fell from a shelf onto Plaintiff's head.

8. Dollar Tree owed a duty to the plaintiff and others to provide a reasonably safe shopping environment.

9. Dollar Tree knew or should have known the risk to the plaintiff and others posed by improperly and dangerously stacking and storing merchandise on shelves.

10. Dollar Tree knew or should have known the risk to the plaintiff and others posed by improperly and dangerously stacking and storing merchandise on shelves that could fall onto lawful invitees such as Plaintiff.

11. Dollar Tree breached its duty to the plaintiff by improperly and dangerously stacking and storing merchandise on shelves.

12. Dollar Tree breached a duty to the plaintiff by exposing her to risk of injury.

13. The injuries suffered by the plaintiff were not caused by any fault on her part, but were the direct and proximate result of conditions that Dollar Tree, its agents, servants and/or employees created and allowed to exist in violation of its duties to the plaintiff and others.

14. As a result of the negligent conduct of Dollar Tree, its agents, servants or employees, as alleged herein, the plaintiff sustained severe and permanent physical injuries, was caused to incur expenses for medical treatment, was prevented from carrying on and enjoying

her usual duties and activities, and was caused to suffer great pain of body and anguish of mind.

**WHEREFORE,** Mary Roderick demands judgment against Dollar Tree in an amount of money that will fairly and fully compensate her for all her losses, plus interest, costs of this action, and such other relief as this court deems mete and just.

## COUNT II
## FAILURE TO WARN

### Mary Roderick v. Dollar Tree

15. The plaintiffs restate, reallege and incorporate by reference Paragraphs One through Fourteen as stated above.

16. At all material times, Dollar Tree breached a duty owed to the plaintiff and others by failing to provide adequate warnings and safeguards against the risk of harm created by the presence on its display shelves of merchandise capable of falling.

17. As a result of the negligent conduct of Dollar Tree, its agents, servants or employees, as alleged herein, the plaintiff sustained severe and permanent physical injuries, was caused to incur expenses for medical treatment, was prevented from carrying on and enjoying her usual duties and activities, and was caused to suffer great pain of body and anguish of mind.

**WHEREFORE,** Mary Roderick demands judgment against Dollar Tree in an amount of money that will fairly and fully compensate her for all her losses, plus interest, costs of this action, and such other relief as this court deems mete and just.

## COUNT III
## FAILURE TO INSPECT

### Mary Roderick v. Dollar Tree

18. The plaintiffs restate, reallege and incorporate by reference Paragraphs One through Seventeen as stated above.

19. At all times material to this action, Dollar Tree exposed the plaintiff and others to an unreasonable risk of harm by failing to conduct reasonable inspections of the shelving and merchandise that caused injury to the plaintiff; that is, inspections reasonably designed to detect and prevent the risk of merchandise falling onto the plaintiff and others.

20. At all material times, Dollar Tree breached a duty owed to the plaintiff by failing to conduct reasonable inspections of the shelves and merchandise that caused injury to the plaintiff.

21. The injuries suffered by Plaintiff were the direct and proximate result of the negligent conduct of Dollar Tree, its agents, servants or employees.

22. As a result of Dollar Tree's failure to conduct reasonable inspections of the shelves and merchandise Dollar Tree, its agents, servants or employees, as alleged herein, the plaintiff sustained severe and permanent physical injuries, was caused to incur expenses for medical treatment, was prevented from carrying on and enjoying her usual duties and activities, and was caused to suffer great pain of body and anguish of mind.

**WHEREFORE**, Mary Roderick demands judgment against Dollar Tree in an amount of money that will fairly and fully compensate her for all her losses, plus interest, costs of this action, and such other relief as this court deems mete and just.

4

## COUNT IV
## LOSS OF CONSORTIUM

### Richard Roderick v. Dollar Tree

23. The plaintiffs restate, reallege and incorporate by reference Paragraphs One through Twenty-two as stated above.

24. Plaintiff, Richard Roderick, is the spouse of the plaintiff, Mary Roderick, and the person entitled by law to the care, comfort, services and consortium of the plaintiff, Mary Roderick.

25. As a result of the negligence of the defendant, Dollar Tree, the plaintiff, Richard Roderick, sustained the loss of the care, comfort, services, and consortium of his spouse, the plaintiff, Mary Roderick.

**WHEREFORE,** Richard Roderick demands judgment against Dollar Tree in an amount of money that will fairly and fully compensate him for all his losses, plus interest, costs of this action, and such other relief as this court deems mete and just.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted,
Plaintiffs,
By their Attorneys,

Robert E. Mazow
BBO# 567507
Robert J. Hartigan
BBO# 697304
Mazow | McCullough, PC
10 Derby Square, 4th Floor
Salem, MA 01970
Phone (978) 744-8000
Fax (978) 744-8012
rem@helpinginjured.com
rjh@helpinginjured.com

Dated: 8/2/21

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                              SUPERIOR COURT DEPARTMENT
                                                        CIVIL ACTION NO.

MARY RODERICK and RICHARD
RODERICK,

      Plaintiffs,

vs.

DOLLAR TREE STORES, INC.,

      Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

## PARTIES

1. Plaintiff Mary Roderick is an adult individual residing at 7 Sutton Avenue in Salem, Massachusetts.

2. Plaintiff Richard Roderick is an adult individual residing at 7 Sutton Avenue in Salem, Massachusetts.

3. Defendant Dollar Tree Stores, Inc. ("Dollar Tree") is a business entity organized under the laws of the State of Virginia, which does business in Massachusetts as Dollar Tree at 230 Independence Way in Danvers, Massachusetts.

## COUNT I
## NEGLIGENCE

### Mary Roderick v. Dollar Tree

4. On or about November 23, 2020, Plaintiff, Mary Roderick was lawfully on the premises of Dollar Tree, located at 230 Independence Way, Danvers, Massachusetts ("the premises").

1

5. On that date, Plaintiff was shopping for a charity event and was in a merchandise aisle at the premises.

6. Plaintiff requested assistance from a Dollar Tree employee to retrieve an item from a shelf.

7. While the Dollar Tree employee was assisting Plaintiff, boxes of merchandise fell from a shelf onto Plaintiff's head.

8. Dollar Tree owed a duty to the plaintiff and others to provide a reasonably safe shopping environment.

9. Dollar Tree knew or should have known the risk to the plaintiff and others posed by improperly and dangerously stacking and storing merchandise on shelves.

10. Dollar Tree knew or should have known the risk to the plaintiff and others posed by improperly and dangerously stacking and storing merchandise on shelves that could fall onto lawful invitees such as Plaintiff.

11. Dollar Tree breached its duty to the plaintiff by improperly and dangerously stacking and storing merchandise on shelves.

12. Dollar Tree breached a duty to the plaintiff by exposing her to risk of injury.

13. The injuries suffered by the plaintiff were not caused by any fault on her part, but were the direct and proximate result of conditions that Dollar Tree, its agents, servants and/or employees created and allowed to exist in violation of its duties to the plaintiff and others.

14. As a result of the negligent conduct of Dollar Tree, its agents, servants or employees, as alleged herein, the plaintiff sustained severe and permanent physical injuries, was caused to incur expenses for medical treatment, was prevented from carrying on and enjoying

her usual duties and activities, and was caused to suffer great pain of body and anguish of mind.

**WHEREFORE,** Mary Roderick demands judgment against Dollar Tree in an amount of money that will fairly and fully compensate her for all her losses, plus interest, costs of this action, and such other relief as this court deems mete and just.

## COUNT II
## FAILURE TO WARN

### Mary Roderick v. Dollar Tree

15. The plaintiffs restate, reallege and incorporate by reference Paragraphs One through Fourteen as stated above.

16. At all material times, Dollar Tree breached a duty owed to the plaintiff and others by failing to provide adequate warnings and safeguards against the risk of harm created by the presence on its display shelves of merchandise capable of falling.

17. As a result of the negligent conduct of Dollar Tree, its agents, servants or employees, as alleged herein, the plaintiff sustained severe and permanent physical injuries, was caused to incur expenses for medical treatment, was prevented from carrying on and enjoying her usual duties and activities, and was caused to suffer great pain of body and anguish of mind.

**WHEREFORE,** Mary Roderick demands judgment against Dollar Tree in an amount of money that will fairly and fully compensate her for all her losses, plus interest, costs of this action, and such other relief as this court deems mete and just.

## COUNT III
## FAILURE TO INSPECT

### Mary Roderick v. Dollar Tree

18. The plaintiffs restate, reallege and incorporate by reference Paragraphs One through Seventeen as stated above.

19. At all times material to this action, Dollar Tree exposed the plaintiff and others to an unreasonable risk of harm by failing to conduct reasonable inspections of the shelving and merchandise that caused injury to the plaintiff; that is, inspections reasonably designed to detect and prevent the risk of merchandise falling onto the plaintiff and others.

20. At all material times, Dollar Tree breached a duty owed to the plaintiff by failing to conduct reasonable inspections of the shelves and merchandise that caused injury to the plaintiff.

21. The injuries suffered by Plaintiff were the direct and proximate result of the negligent conduct of Dollar Tree, its agents, servants or employees.

22. As a result of Dollar Tree's failure to conduct reasonable inspections of the shelves and merchandise Dollar Tree, its agents, servants or employees, as alleged herein, the plaintiff sustained severe and permanent physical injuries, was caused to incur expenses for medical treatment, was prevented from carrying on and enjoying her usual duties and activities, and was caused to suffer great pain of body and anguish of mind.

**WHEREFORE,** Mary Roderick demands judgment against Dollar Tree in an amount of money that will fairly and fully compensate her for all her losses, plus interest, costs of this action, and such other relief as this court deems mete and just.

## COUNT IV
## LOSS OF CONSORTIUM

### Richard Roderick v. Dollar Tree

23. The plaintiffs restate, reallege and incorporate by reference Paragraphs One through Twenty-two as stated above.

24. Plaintiff, Richard Roderick, is the spouse of the plaintiff, Mary Roderick, and the person entitled by law to the care, comfort, services and consortium of the plaintiff, Mary Roderick.

25. As a result of the negligence of the defendant, Dollar Tree, the plaintiff, Richard Roderick, sustained the loss of the care, comfort, services, and consortium of his spouse, the plaintiff, Mary Roderick.

**WHEREFORE**, Richard Roderick demands judgment against Dollar Tree in an amount of money that will fairly and fully compensate him for all his losses, plus interest, costs of this action, and such other relief as this court deems mete and just.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted,
Plaintiffs,
By their Attorneys,

Robert E. Mazow
BBO# 567507
Robert J. Hartigan
BBO# 697304
Mazow | McCullough, PC
10 Derby Square, 4th Floor
Salem, MA 01970
Phone (978) 744-8000
Fax (978) 744-8012
rem@helpinginjured.com
rjh@helpinginjured.com

Dated: 9/2/21

5

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Essex Superior Court (Salem) |

| Plaintiff: Mary and Richard Roderick | Defendant: Dollar Tree Stores, INC |
|---|---|
| ADDRESS: 7 Sutton Avenue, Beverly, MA | ADDRESS: 230 Independence Way, Danvers, MA |
| Plaintiff Attorney: Robert E. Mazow and Robert J. Hartigan | Defendant Attorney: |
| 10 Derby Square 4th Floor, Salem, MA | ADDRESS: |
| BBO: 567507/697304 | BBO: |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | Negligence – Personal Injury | F | ☒ YES ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A? ☐ YES ☒ NO          Is there a class action under Mass. R. Civ. P. 23? ☐ YES ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

| A. Documented medical expenses to date | |
|---|---|
| 1. Total hospital expenses | $24,836.50 |
| 2. Total doctor expenses | |
| 3. Total chiropractic expenses | |
| 4. Total physical therapy expenses | |
| 5. Total other expenses (describe below) | |
| Out-of-pocket expenses. | |
| Subtotal (1-5): | $24,836.50 |
| B. Documented lost wages and compensation to date | |
| C. Documented property damages to date | |
| D. Reasonably anticipated future medical and hospital expenses | |
| E. Reasonably anticipated lost wages | |
| F. Other documented items of damages (describe below) | $200,000.00 |
| Pain and suffering with emotional distress and loss of consortium. | |
| TOTAL (A-F): | $224,836.50 |

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Plaintiff Mary Roderick suffered traumatic head, neck, back, arm and leg injuries and emotional Trauma. Plaintiff Richard Roderick suffered loss of consortium.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1 | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X _____    Date: 9/2/21

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X _____    Date: 9/2/21

SC0001: 1/22/2021          www.mass.gov/courts          Date/Time Printed: 07-29-2021

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                              SUPERIOR COURT DEPARTMENT
                                                        CIVIL ACTION NO.

MARY RODERICK and RICHARD
RODERICK,

       Plaintiffs,

vs.

DOLLAR TREE STORES, INC.,

       Defendant.

## **NOTICE OF APPEARANCE OF COUNSEL**

Now comes Robert E. Mazow, Attorney, and hereby requests that the Court enter my appearance as co-counsel for the Plaintiff.

                                                    Mazow | McCullough, PC
                                                    Robert E. Mazow
                                                    BBO# 567507
                                                    10 Derby Square, 4th Floor
                                                    Salem, MA 01970
                                                    Phone (978) 744-8000
                                                    Fax (978) 744-8012
                                                    rem@helpinginjured.com

Dated: 9/2/21

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.   SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.

MARY RODERICK and RICHARD RODERICK,

　　　　Plaintiffs,

vs.

DOLLAR TREE STORES, INC.,

　　　　Defendant.

## NOTICE OF APPEARANCE OF COUNSEL

Now comes Robert J. Hartigan, Attorney, and hereby requests that the Court enter my appearance as co-counsel for the Plaintiff.

Mazow | McCullough, PC
Robert J. Hartigan, Esquire
BBO# 697304
10 Derby Square, 4th Floor
Salem, MA 01970
Phone (978) 744-8000
Fax (978) 744-8012
rjh@helpinginjured.com

Dated: 7/28/21